## REBECCA SHEPHERD *vs.* JONATHAN HOWARD.

*Where A. conveyed a tract of land to B. in 1805, and in 1810, A. being still living, his wife by a separate deed released her right of dower in the land, it was held that the wife was estopped by the deed from demanding her dower after A.'s death.*

THIS was a writ of dower. The tenant pleaded in bar a release by deed made by the demandant of her right of dower in the demanded premises. The demandant craved oyer of the deed of release, which was as follows :

"Know all men, &c. that I *Rebecca Shepherd*, wife of *Jona-* " *than Shepherd*, &c. in consideration of one dollar to me " paid by *Thomas Melville*, &c. do by these presents relinquish, " release, and quitclaim to the said *Melville* all my right and " title of dower in and to certain premises conveyed by said " *Jonathan Shepherd* to said *Thomas Melville*, by deed, dated " March 2d, 1805, &c.

"In testimony whereof, I the said *Rebecca Shepherd*, wife " of the said *Jonathan*, as aforesaid, do hereby set my hand, " &c. this 10th day of December, 1810."

She then replied that the said instrument was not her deed, upon which issue was joined.

The cause was tried here at October term, 1821, and a verdict taken for the tenant, subject to the opinion of the court upon the following case.

On the 2d March, 1805, *Jonathan Shepherd*, the demandant's late husband, by deed of that date, conveyed the land in which the said *Rebecca* now claims her dower, to one *Thomas Melville*, in fee and in mortgage, and on the 10th December, 1810, the demandant, then being the wife of the said *Jonathan Shepherd*, made the instrument set out in the replication. The tenant is in possession under a title derived from the said *Thomas Melville*, and the right in equity, which the said *Jonathan Shepherd* had to redeem the land, has been foreclosed.

*Atherton,* for the plaintiff.

*E. Parker,* for the defendant.

*By the court.* We are of opinion that the demandant is estopped in this case by her deed, to demand her dower. The general rule of law is, that the deed of a married woman is void; but this is an exception to the general rule, founded on very satisfactory reasons, and sanctioned by long usage in this state. The ground on which this exception rests is, that no interest of the husband is affected by the deed. It can have no operation during his life; and while a wife is permitted, by joining in a deed with her husband, to bar her right of dower, there seems to be no reason why she should not be permitted to release her right by a separate deed. *Shep. Touch.* 7.—1 *H. Blackstone* 334, *Compton vs. Collinson.*—2 *Wilson* 1, *Stevens vs. Tyrrell.*—10 *Coke's Rep.* 43.—7 *Mass. Rep.* 18, *Fowler vs. Shearer.*—17 *John.* 548, *Jaques vs. Trustees of Methodist Episcopal Church.*